## Stack *v.* Portsmouth.

Whether a cellar along the line of a public street, unprotected by a suitable barrier, constitutes a defect, is a question for the jury in an action against a city to recover damages for an injury caused by such defect ;—and this, although the cellar is not in the general direction of travel, and although the plaintiff was not travelling along the street, but was crossing it, and intended to pass from the street into a lane (where he had a right to go), but mistook its locality in a dark night, and fell into the cellar.

The admission of the plaintiff's wife to testify to his physical condition after an injury, and to his statements, when alone with her, of suffering pain, involves no violation of marital confidence.

. Case, by John Stack against the city of Portsmouth, for damages happening by a reason of a defect in a highway.  The highway was Islington street, and the alleged defect was the absence of a railing on the south side of the street to keep travellers out of a cellar which was outside of and near the street at the corner of Brewery lane.  The plaintiff claimed that the lane was a highway : the defendants claimed that it was not.  The court was inclined to the opinion that there was no evidence showing it to be a highway.  The plaintiff lived on the lane, and there was no conflict in the evidence tending to show that he had a right to go from the street through the lane to his house.  He

walked from his house through the lane to and across the street to a store, in the evening, and, returning to his house, fell into the cellar, and by the fall received the injuries complained of. He claimed that he passed into the cellar from the street and not from the lane, not being able to see the cellar, and supposing he was passing into the lane. The court instructed the jury that, as the plaintiff had a right to leave the street at the entrance of the lane, and to pass through the lane to his house, it was immaterial whether the lane was a highway or not ; that the defendants were not liable unless the want of a railing on the street rendered the street unsuitable and unsafe for the public travel thereon.

The court refused to instruct the jury, as requested by the defendants, that the defendants were not liable for the want of a railing against a cellar without the limits of the highway, unless the cellar was in the general direction of the travel thereon ; and that, if the plaintiff crossed the street intending to leave it upon the southern side thereof, whether to go upon the land of some individual or into a private way, the responsibility of the defendants ceased when he reached and intentionally passed the line of the highway ; and that from the time he left the highway he was at his own risk.

The defendants excepted to the instructions given, and to the refusal to give the instructions requested.

Subject to the defendants' exception, the wife of the plaintiff was allowed to testify to his physical condition after the accident, and his statements of his suffering pain during the night after the accident, when alone with her. The ground of the objection was, that the statements were made by husband to wife, and were a violation of marital confidence.

The jury found a verdict for the plaintiff, and the defendants moved for a new trial.

The case was reserved.

*Goodall* and *Small,* for the plaintiff.

*Hatch* and *Howard,* for the defendants.

BELLOWS, C. J. The instruction that the defendants were not liable unless the want of a railing on the street rendered the street unsuitable and unsafe for the public travel thereon, was sufficiently favorable to the defendants. It assumed the defendants' view of the case, that Brewery lane was not a public highway ; and that whether that was sufficiently protected or not against this cellar was immaterial, for they must find the street to be insecure, or the defendants were not liable ; and it is manifest that, under these instructions, the jury must have found the street unsafe.

In respect to the other elements of liability, we must presume, in the absence of exceptions, that the instructions were correct,—that is,

that the jury must find that the town was bound to keep the street in repair, and that the plaintiff was using it with due care, and was injured by reason of the defect.

One request for instructions was, that the town was not liable for want of a railing against a cellar without the limits of the highway, unless the cellar was in the general direction of the travel thereon. What is meant by the cellar being in the general direction of the travel, is not very clear. If it be meant that the line of the cellar shall be substantially parallel with the general line of travel, lengthwise of the street, it must clearly be wrong; for the true question is, whether the cellar is so near the highway and of such character as to require a railing to make the highway reasonably safe for the traveller,—just the same as in the case of an embankment. It is very obvious, that a cellar just on the line of a public street would be dangerous, and ought to be secured by a suitable barrier; but it would be for the jury to say whether such an excavation was or was not a defect. If by the term, that the cellar must be in the general direction of the travel, is meant that the general line of travel along there should lead into the cellar, it would be still erroneous, we think, and for the reason before assigned. If the usual line of travel would lead into the cellar unless a bend was made to avoid it, that circumstance might, as matter of fact, rebut the imputation of want of due care in the person injured, especially in the obscurity of the night; and it would also bear upon the sufficiency of the highway without a railing. But the question would still be for the jury, whether the highway was in a reasonably safe condition.

The cases cited by the defendants' counsel do not, we think, maintain the proposition, that unless the cellar be in the general direction of the travel the town is not liable. The case of *Davis* v. *Hill*, 41 N. H. 333, does, indeed, lay it down as settled, that the want of a railing to protect travellers from a dangerous excavation or pond, a wall or stone, without the limits of the road, but in the general direction of the travel thereon, may properly be alleged as a defect in the highway itself; but the opinion does not limit the principle to a case where the obstruction is in the general direction of the travel, and no reason is assigned for any such limitation : on the contrary, it is stated in the opinion that the substantial grievance is the unsafe and dangerous condition of the highway, whereby the plaintiff was injured. In *Hayden* v. *Attleborough*, 7 Gray 338, the general direction of the travel, a few rods south of the cellar, led directly over the cellar into which the plaintiff fell; and stress was placed on that fact, not, however, as essential to the liability of the town, but as rendering the cellar more dangerous. The case of *Coggswell* v. *Lexington*, 4 Cush. 307, is similar in its character,—the post against which the plaintiff ran his wagon being in the path actually travelled in front of a store, and there being carriage tracks on each side of it, and no visible line of the road. The court held that the town was bound to guard travellers from injury by the post, as much as from falling over precipices or into pits near the

line of the road; but there is nothing in either of these cases that sustains the view of the defendants' counsel on this point. There are other cases where stress is put on the fact that the general line of travel led to the defect complained of,—not indicating, however, that this was essential to charge the town, but as bearing on the question whether the object rendered the highway unsafe.

Whether the highway is rendered unsafe by an object without its limits, is a question of fact for the jury. If the defect is established, the inquiry is, whether the plaintiff was in the proper and reasonable use of it.

In determining that, the question is immaterial whether the plaintiff was travelling across the highway or lengthwise of it. Both modes of use are equally necessary, and there can be no doubt that both are lawful, and, for aught we can see, the duty of the town is the same in respect to both. No authority is cited for any distinction in this respect, nor do we find any. The obligation to keep the highway in a reasonably safe condition is for the benefit of all who have occasion to pass over it, in any direction, for the purposes of business, convenience, or pleasure.. Such persons are travellers upon the highway, within the meaning of the statute. They are using it for the ordinary and legitimate purposes for which it was made.

The defendants also asked that the jury be instructed that if the plaintiff crossed the street intending to leave it on the southern side, the responsibility of the defendants ceased when he reached and intentionally passed the line of the highway, and he was then at his own risk.

These instructions the court declined to give, and we think correctly. The plaintiff's case is, that he intended to cross the street and to pass into Brewery lane on his way home; but it being dark, he mistook the direction, and for want of a railing he fell into the cellar. If this was so, and without fault on his part, and the street was not reasonably safe for want of a railing, the city was liable; and yet, with the instructions asked for, the verdict might properly have been for the city, if the plaintiff could have got over the line of the highway before falling into the cellar, as it is understood he might. Indeed, the instructions asked for would in most cases exonerate a town, where the object constituting the defect was outside the limits of the highway, and the person injured, intending to pass over those limits, for want of suitable protection was injured. It is urged by the defendants' counsel that to allow the jury to determine when an object outside the limits of a highway would constitute a defect or obstruction would be productive of great looseness and mischief; but the answer to that is, that it always has been done in other cases, and we see no reason for especial apprehension in cases like the present. So it is said that the city had no right to erect fences on the line of the highway; but it is held otherwise where fences are necessary to protect travellers. *Alger* v. *Lowell*, 3 Allen 405.

In respect to the admission of the wife of the plaintiff to testify to

his physical condition after the accident, and his expressions of pain and suffering, we think the court was right in holding it to be no violation of marital confidence. Testimony of the wife has often been held to be admissible in similar cases.

*Judgment on the verdict.*